IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| ABIMBOLA HALIMA ONIGBANJO WILLIAMS, A# 216 150 410,<br><br>  301 Astor Lane<br>  Franklin Park, NJ 08823<br><br>OLUSOLA A. WILLIAMS, A# 219 422 070,<br><br>  301 Astor Lane<br>  Franklin Park, NJ 08823<br><br>  Plaintiffs,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Serve: U.S. Citizenship & Immigration<br>         Services<br>         5900 Capital Gateway Dr<br>         Camp Springs, MD 20588<br><br>UR MENDOZA JADDOU, Director of the United States Citizenship and Immigration Services,<br><br>Serve: U.S. Citizenship & Immigration<br>         Services<br>         5900 Capital Gateway Dr<br>         Camp Springs, MD 20588<br><br>and,<br><br>JOHN M. ALLEN, Director of the United States Citizenship and Immigration Services Texas Service Center,<br><br>Serve: John M. Allen<br>         USCIS Texas Service Center | Case No. 3:22-cv-414 |

1

      6046 N Belt Line Rd
      Irving, TX 75038
Defendants.

## COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFFS' APPLICATIONS TO ADJUST STATUS

      Plaintiffs Abimbola Halima Onigbanjo Williams and Olusola A. Williams respectfully request a hearing before this Honorable Court to make a determination on Plaintiffs' applications to adjust status, or alternatively requesting that this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate Plaintiffs' long-delayed applications to adjust status.

## PARTIES

      1.    Plaintiffs Abimbola Halima Onigbanjo Williams and Olusola A. Williams are citizens of Nigeria. They are legally married.

      2.    On December 30, 2019, Plaintiff Abimbola Halima Onigbanjo Williams filed an I-140 Petition for Alien Worker on her own behalf. Defendants assigned Receipt Number SRC2090117735 to Plaintiff's case.

      3.    Defendants approved the I-140 Petition on August 31, 2020. This approval rendered Plaintiffs Abimbola Halima Onigbanjo Williams and Olusola A. Williams, as a derivative spouse, eligible to adjust status.

      4.    Plaintiffs filed timely I-485 Applications for Adjustment of Status on December 30, 2019. Defendants assigned Receipt Number SRC2090117736 to Plaintiff Abimbola Halima Onigbanjo Williams's case and Receipt Number SRC2090117732 to Plaintiff Olusola A. Williams' case.

      5.    On December 16, 2020 Plaintiff Olusola A. Williams filed a timely I-765 Application for Employment Authorization. Defendants assigned Receipt Number SRC2190158556 to Plaintiff Olusola A. Williams' case. To date, Defendants have not taken any

action on Plaintiff's I-765 Application.

6. USCIS completed the fingerprinting and photographing of Plaintiffs as part of the processing of the pending applications.

7. Defendants have not conducted an interview on Plaintiffs' pending green card applications yet. Nor have they ruled on Plaintiff Olusola A. Williams' EAD application.

8. Since Abimbola Halima Onigbanjo Williams and Olusola A. Williams filed the applications with USCIS, Plaintiffs have made repeated requests to have the pending cases finally adjudicated.

9. Despite numerous calls to USCIS and their attempts to prompt movement on the case, Abimbola Halima Onigbanjo Williams and Olusola A. Williams's applications have remained pending far longer than is reasonable.

10. USCIS has refused to adjudicate Abimbola Halima Onigbanjo Williams and Olusola A. Williams's applications in accordance with applicable legal criteria.

11. Plaintiffs bring this action to compel the USCIS to finally adjudicate the pending applications as required by law.

12. Defendant United States Citizenship and Immigration Services (hereinafter sometimes referred to as "the USCIS") is the component of the DHS that is responsible for processing adjustment of status applications.

13. Defendant Ur Mendoza Jaddou, Director of the USCIS, is the highest ranking official within the USCIS. Jaddou is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA. Jaddou is sued in an official capacity as an agent of the government of the United States.

14. Defendant John M. Allen is the Director of the USCIS Texas Service Center and is sued only in an official capacity, as well as any successors and assigns. The USCIS Texas

Service Center is the office in which Plaintiff's cases were received and are still pending. Allen is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA. John M. Allen is sued in an official capacity as an agent of the government of the United States.

## JURISDICTION AND VENUE

15. This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus Act, 28 USC § 1361.

16. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) the Defendants maintain offices within this district.

## FIRST CLAIM FOR RELIEF
**(Agency Action Unlawfully Withheld and Unreasonably Delayed)**

For the first claim for relief against all Defendants, Plaintiffs allege and state as follows:

17. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set out herein.

18. The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Section 555(b) creates a non-discretionary duty to conclude agency matters. *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991). A violation of this duty is a sufficient basis for mandamus relief.

19. The APA permits this Honorable Court to "compel agency action unlawfully

withheld or unreasonably delayed." 5 U.S.C. § 706(1).

20. Plaintiffs allege that the applications have been in administrative processing beyond a reasonable time period for completing administrative processing of the adjustment of status application.

21. The combined delay and failure to act on Abimbola Halima Onigbanjo Williams and Olusola A. Williams's adjustment of status applications is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

22. There are no alternative adequate or reasonable forms of relief available to Plaintiffs.

23. Plaintiffs have exhausted all available administrative remedies in pursuit of a resolution of this matter, including repeatedly requesting the processing of the case with the USCIS via phone and email.

**SECOND CLAIM FOR RELIEF**
**(Violation of Right to Due Process of Law)**

For the second claim for relief against all Defendants, Plaintiffs allege and state as follows:

24. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set out herein.

25. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. Plaintiffs may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

26. The combined delay and failure to act by Defendants has violated the due process

rights of Plaintiffs.

27.     The combined delay and failure to act by Defendants has irrevocably harmed Plaintiff in the denial of an opportunity to claim lawful permanent resident status, as well as the ability to sponsor family members for residence in the U.S. and in various other ways.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs Abimbola Halima Onigbanjo Williams and Olusola A. Williams request the following relief:

1.      That this Honorable Court assume jurisdiction over this action;

2.      That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all processing of Abimbola Halima Onigbanjo Williams and Olusola A. Williams's applications to adjust status, and Olusola A. Williams's -765 application for employment authorization within sixty days;

3.      That this Honorable Court take jurisdiction of this matter and adjudicate Abimbola Halima Onigbanjo Williams and Olusola A. Williams's applications to adjust status pursuant to this Court's declaratory judgment authority;

4.       That this Honorable Court issue a writ of mandamus compelling Defendants to issue a green card to Abimbola Halima Onigbanjo Williams and Olusola A. Williams;

5.      That this Honorable Court issue a writ of mandamus compelling Defendants to explain to Plaintiff the cause and nature of the delay and inform Plaintiff of any action they may take to accelerate processing of the application to adjust status;

6.      Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

7.      Such other and further relief as this Honorable Court may deem just and proper.

RESPECTFULLY SUBMITTED

**February 21, 2022**

***/s/ James O. Hacking, III***
James O. Hacking, III
Hacking Immigration Law, LLC
10900 Manchester Road, Suite 203
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackingimmigrationlaw.com

**ATTORNEYS FOR PLAINTIFF
ABIMBOLA HALIMA ONIGBANJO WILLIAMS
OLUSOLA A. WILLIAMS**
